IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502; and TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502, | ) ) ) ) ) ) ) ) | |
| | ) | No. 16 C 7242 |
| | ) | |
| | ) | Judge |
| | ) | |
| Plaintiff | ) | Magistrate Judge |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO HEIGHTS CONSTRUCTION COMPANY, an Illinois corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, LLP, complain against Defendant, **CHICAGO HEIGHTS CONSTRUCTION CORPORATION**, as follows:

COUNT I

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502; AND TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502, ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. (a) Defendant, **CHICAGO HEIGHTS CONSTRUCTION CORPORATION ("CHICAGO")** is an Illinois corporation and is an employer engaged in an industry affecting commerce with its principal place of business located within this Court's jurisdiction.

(b) **CHICAGO** is an employer engaged in an industry affecting commerce.

5. Since on or about October 15, 1987, **CHICAGO** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees by

2

virtue of submission of monthly benefit reports pursuant to which Defendant agrees to abide by the union agreement. (Exhibit "A")

6. **CHICAGO** is required to make contributions to the Funds on behalf of its Cement Mason employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

7. Plaintiffs are advised and believe that from **January 1, 2009 through March 31, 2015, CHICAGO** has failed to make some of the contributions, from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes in the amount of **$9,276.48 benefits, $1,391.47 15% liquidated damages and $665.00 audit costs for a total amount due of $11,332.95.**

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Judgment be entered on any amounts found to be due on the audits for the period **January 1, 2009 through March 31, 2015 for $11,332.95**.

B. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

C. **CHICAGO** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

D.	This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

               Respectfully submitted,

               TRUSTEES OF THE CEMENT MASONS
               PENSION FUND, LOCAL 502, et. al.


               By: s/Donald D. Schwartz
                  One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN, LLP**
203 N. LaSalle St., Suite 1650
Chicago, IL 60601
(312) 236-0415